SPICER *v.* SPICER ET UX.

[No. 69, September Term, 1959.]

*Decided November 19, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*J. Glasgow Archer* and *Harry E. Dyer, Jr.,* for the appellant.

*John E. Clark* and *Charles H. Reed, Jr.,* with whom were *McNabb & Clark* and *Cameron, Close & Reed* on the brief, for the appellees.

PER CURIAM.

The sole appellant, the brother and brother-in-law of the appellees, respectively, requests the Court to declare null and void a deed, dated May 11, 1953, from Ella Mae Spicer, his late mother, to the appellees by which she sold and conveyed to them farm land situated in Harford County. The two brothers have a sister, but she failed to join in the suit. The suit is based upon the theory that a confidential relationship existed between the appellee brother and his mother, which placed the burden upon him to show the complete fairness of the transaction with his mother. The appellant has no chance of success. As found by the chancellor below, the evidence simply does not establish a confidential relationship between the appellee brother and his mother. On the contrary, it shows that the mother was in complete control of her faculties, made gifts to her children as she desired, remarried after the transaction complained of and generally attended to her own property and business affairs. Moreover, if we should assume, without deciding, that there were a confidential relationship existing between the mother and son, as was said by Judge Horney, for the Court in *Piraino v. Betka,* 218 Md. 548, 557, "we find nothing to show that the gift [in this case a sale] was improvident or the result of coercion."

*Decree affirmed, with costs.*